**DJF:JJB:jmh**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERNEST D. GLASPER,**<br>        **Plaintiff**<br><br>                v.<br><br>**MURRAY, et al.**<br>        **Defendants** | **Civil No. 1:18-cv-00068**<br><br>**(Kane, J.)**<br><br><br>**Filed Electronically** |

### REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Defendants submit this Reply Brief in support of their Motion to Dismiss and for Summary Judgment. The Court should grant summary judgment in favor of Defendants because Plaintiff failed to exhaust his administrative remedies and because Glasper's claims lack merit. The Court should dismiss Glasper's claim regarding a falsified incident report pursuant to the favorable termination rule.

**Procedural History**

On January 10, 2018, Plaintiff filed a Complaint containing claims under both the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Doc. 1, Compl.) On April 20, 2018, Defendants filed a Motion to Dismiss and for Summary

1

Judgment. (Doc. 14, Mot. to Dismiss & for Summ. J.) On April 30, 2018, Defendants filed a brief in support of their motion and a Statement of Material Facts arguing that the Court should dismiss Glasper's FTCA claims pursuant to sovereign immunity, because his claims are time-barred, and grant Defendants summary judgment because his claims fail. (Docs. 15-16.) Additionally, Glasper failed to exhaust his <u>Bivens</u> claims, Defendants did not violate his constitutional rights, and his claim regarding a falsified incident report should be dismissed pursuant to the favorable termination rule. (<u>Id.</u>) On May 17, 2018, Glasper filed his opposition to that motion. (Doc. 18, Br. in Opp'n.) Defendants now submit this reply.

## Argument

Initially, Defendants note that Glasper has failed to file a counter-statement of facts, which is, itself, a basis for disregarding his opposition. In addition, he does not address each of Defendants' arguments in an orderly fashion; however, Defendants will attempt to address the arguments he appears to make. Defendants note that with regard to his FTCA claims, Glasper has not addressed their sovereign immunity argument. Further, regarding his <u>Bivens</u> claim of a falsified incident report, Glasper has not addressed Defendants' contention that the Court should dismiss this claim pursuant to the favorable termination rule. As to those arguments, Defendants will rely on their opening brief.

**A.     Glasper's FTCA claims are time-barred.**

Defendants moved for summary judgment as to Glasper's FTCA claims because they are time-barred. In support thereof, Defendants provided evidence that Glasper filed Tort Claim Number 2016-05188 on July 12, 2016, alleging he was sexually assaulted by staff. (Doc. 15, SMF ¶ 7.)  His claim was investigated and denied on January 5, 2017.  (Id. ¶ 8.)  Glasper signed the instant Complaint on May 18, 2017; however, he includes a certificate of service stating he placed his Complaint in the mail January 3, 2018.  (Doc. 1, Compl.)  The envelope included indicates the Complaint was mailed from USP Lewisburg on January 5, 2018.  (Id. ¶ 9.)

Because a plaintiff must file his tort claim action in federal district court "within six months of the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented" (28 U.S.C. § 2401(b)) and the deadline begins running on the mailing date of the denial (Spirk v. United States, No. 3:CV-12-2157, 2013 U.S. Dist. LEXIS 173978 (M.D. Pa. Dec. 11, 2013)), Glasper was required to file his civil action within six months of the mailing of the January 5, 2017 denial.  However, Glasper did not file his Complaint until over one year later on January 5, 2018.  (Doc. 1, Compl.)

Glasper argues that he did not file his Complaint within the specified time-frame because "retaliation … at Lewisburg is real" and that he was "scared of getting

assaulted by staff" so he waited until the statute of limitations on his Bivens claims was set to expire before filing a combined lawsuit. (Doc. 4, Br. in Opp'n at 4.) Assuming this argument has any logical support, Glasper nevertheless admits that he failed to file his lawsuit within the specified time period required to bring an FTCA claim. (Id.) To the extent he attempts to add a retaliation claim to the instant lawsuit via his opposition brief, Glasper is precluded from introducing new claims because he cannot amend his complaint in an opposition brief. Baumgardner v. Ebbert, Civ. No. 4:cv-10-1459, slip op. at 12 (M.D. Pa. 2011) (Nealon, J.) ("[A] plaintiff cannot amend a complaint through the filing of a brief, or through arguments set forth in a brief opposing a dispositive motion.") (internal citations omitted). Therefore, the Court should grant summary judgment in Defendants favor because Glasper's FTCA claims, by his own admission, are time-barred.

**B.   Glasper failed to exhaust his administrative remedies with regard to his Bivens claims.**

Under the Prison Litigation Reform Act (PLRA), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision requires an inmate to exhaust administrative remedies prior to filing suit. See Oriakhi v. United States, 165 F. App'x 991, 993 (3d Cir. 2006). A court is not permitted to "excuse compliance" with the exhaustion requirement, "whether

on the ground of futility, inadequacy or any other basis." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (internal quotation marks omitted).

The BOP has established an administrative remedy procedure through which an inmate may submit complaints relating to any aspect of his confinement. Inmates must first present their complaints to staff in an attempt to informally resolve the matter. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may then present the issue to the warden within twenty calendar days of the events giving rise to the complaint. Id. § 542.14. If an inmate is dissatisfied with the warden's response, he may then appeal to the BOP Regional Director within 20 calendar days. Id. § 542.15(a). If the response of the Regional Director is not satisfactory, the inmate may then appeal to the BOP Central Office within 30 calendar days. Id. This constitutes the final level of administrative review. Id.

There are several exceptions to filing an initial remedy at the institution level found in 28 C.F.R. 542.13(d). Inmates challenging disciplinary hearings or making allegations of a sensitive nature may bypass the institution and file with the Regional Director. For instance, if an inmate reasonably believes the issue on which he is filing is sensitive and his safety of well-being would be placed in danger if the request became known, he may submit his remedy directly to the appropriate Regional Director. 28 C.F.R. § 542.14(d)(1). If the Regional Director finds the remedy is not sensitive, it will be rejected with a notice indicating as such and

directing the inmate to file at the institution level.  Inmates appealing their placement in a control unit or controlled housing status may file directly to the BOP's Central Office.  28 C.F.R. § 542.14(d)(2),(3).

In this case, Glasper failed to properly exhaust his administrative remedies.  Glasper has filed twenty (20) administrative remedies. (Doc. 15, SMF ¶ 1.)  The only remedy Glasper filed concerning an alleged sexual assault was Remedy 868571-A1 and A2 that he sent directly to the BOP's Central Office on June 21, 2016.  (Id. ¶ 2.)  His filing was rejected with a note that his complaints were forwarded to another department for review due to the sexual assault allegations contained therein. (Id. ¶ 3.)  His second filing was voided as duplicate.  (Id. ¶ 4.)

Glasper now alleges that he filed a sensitive remedy to the "Northern Regional Office, PREA coordinator" but received no response and additionally received no response to his Central Office filings.  (Doc. 18, Br. in Opp'n at 3.)  The record directly contradicts Glasper's argument.  Specifically, on July 11, 2016, the Central Office rejected Glasper's remedy and forwarded his claims to another department for review.  (Doc. 15-1, p. 25.)   Glasper filed no other remedies concerning his alleged sexual assault, fabricated incident report, or Dr. Edinger's medical assessment at either the institution, Regional Director, or Central Office levels.  (Doc. 15, SMF ¶ 5.)  Because Glasper failed to comply with the exhaustion

requirements prior to initiating suit, the Court should grant summary judgment in Defendants' favor.

**C.     The Court should enter summary judgment in favor of Defendants as to Glasper's FTCA and <u>Bivens</u> claims because his claims fail and they are entitled to judgment as a matter of law.**

Glasper alleges that Moyer was negligent in the course of performing an unauthorized search and further that his constitutional rights were violated during that search and the subsequent medical assessment. (Doc. 2, Memo of Law.) Glasper elaborates on his allegations in his memorandum of law stating that Moyer was following a lieutenant's order when he searched Glasper's rectum twice on February 26, 2016. (<u>Id.</u>, p. 3.) He further alleges the United States let these acts of "brutality, excessive force, cruel and unusual punishment, false imprisonment, intentional infliction of emotional distress, and negligence" happen to him from February 25, 2016, to March 14, 2016. (<u>Id.</u>) The undisputed record establishes that none of the defendants were negligent in Glasper's medical care or in performing a search on Glasper or that they violated his constitutional rights by performing a search or a medical assessment so that his claims fail.

Specifically, Glasper did not raise any medical complaints regarding this search until March 14, 2016 – more than 17 days after the alleged "assault" took place even though he had been seen by medical staff prior to this appointment. (Doc. 15, SMF ¶¶ 38, 49.) What Glasper described is known as a digital or simple

7

instrument search. (Id. ¶ 39.) In accordance with Program Statement 5521.06, Searches of Housing Units, Inmates, and Inmate Work Areas, a digital or simple instrument search can only be performed by a qualified Health Services staff member with the approval of the Warden and would be documented in the inmate's medical record. (Id. ¶ 40.) No such search was performed on Glasper. (Id. ¶ 41.)

On March 17, 2016, Glasper reported bleeding from his anus when showering or wiping himself. (Id. ¶ 42.) An examination found a 5-6 mm linear superficial fissure to Glasper's anus, with a miniscule amount of clear drainage at the site but no evidence of trauma. (Id. ¶¶ 44-45.) The tear was more consistent with a fissure secondary to constipation than as a result of a traumatic injury as Glasper described. (Id. ¶ 46.) A review of Glasper's subsequent medical records reveals no further complaints concerning his rectum and no further treatment sought. (Id. ¶ 50.)

Glasper now alleges that the investigation into his sexual assault was fabricated because the investigation noted that Glasper could not identify who allegedly assaulted him but that if the investigation had been done properly and was truthful the names of his alleged perpetrators would have been revealed in his administrative remedy and administrative tort claim filings. (Doc. 18, Br. in Opp'n at 3, 4.) Glasper's argument lacks merit. Specifically, the investigative report was dated April 21, 2016. (Id., at 13-14.) Glasper's administrative remedy is dated June 14, 2016 (Id. at 12) and his administrative tort claim is dated July 4, 2016 (Id. at 16-

18.) Thus, the remedies dated June and July 2016 would not have been available to the investigator who concluded his investigation in April 2016.

Glasper's contention that the investigative report was fabricated offers nothing more than conclusions unsupported by the record. In opposing a motion for summary judgment, a party must adduce more than a mere scintilla of evidence in its favor and cannot simply reassert factually unsupported allegations contained in its pleadings. Celotex v. Catrett, 477 U.S. 317 (1986). Summary judgment is appropriate when supporting materials show there are no material issues of fact to be resolved and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

Federal Rule of Civil Procedure 56(e) provides that: an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. Fed. R. Civ. P. 56(e).

Rule 56 requires the non-moving party to go beyond the pleadings and designate facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. An issue is genuine only if the evidence is such that a reasonable trier of fact could return a verdict for the non-moving party. See Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 248 (1986); Hankins v. Temple Univ., 829 F.2d 437, 440 (3d Cir. 1987). Where the record, taken as a whole, would not lead one to find for the non-moving party, summary judgment must be entered in favor of the movants. Id.

Here, Glasper fails to introduce any specific facts to show a genuine issue of material fact exists as to whether staff were negligent or violated his constitutional rights. Glasper's bald allegations are not sufficient to overcome Defendants' competent summary judgment evidence. (Doc. 15, generally). Further, Glasper's denials must be supported by specific references to the record or supporting materials that establish a factual dispute. See Fed. R. Civ. P. 56(e); Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 820, n.8 (3d Cir. 2006) (recognizing it is not the court's duty to "scour the record" in an attempt to find evidence to support the nonmoving party's denials and noting "'[j]udges are not like pigs, hunting for truffles buried in' the record.")(quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)). Thus, because Glasper has not overcome his burden to show that there is a genuine issue of material fact, summary judgment should be entered in favor of Defendants.

## Conclusion

Defendants request this Court to grant their Motion to Dismiss and for Summary Judgment.

                                                  Respectfully submitted,

DAVID J. FREED
United States Attorney

/s J. Justin Blewitt, Jr.
J. JUSTIN BLEWITT, JR.
Assistant U.S. Attorney
Attorney I.D. No. PA 01710
Joanne M. Hoffman
Paralegal Specialist
United States Attorney's Office
235 North Washington Avenue
P.O. Bo 309
Scranton, PA 18501-0309
Phone: (570)348-2800
Facsimile: (570)348-2816

Dated:  May 31, 2018

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERNEST D. GLASPER,**<br>　　　**Plaintiff**<br><br>　　　　v.<br><br>**MURRAY, et al.**<br>　　　**Defendants** | **Civil No. 1:18-cv-00068**<br><br>**(Kane, J.)**<br><br><br>**Filed Electronically** |

## CERTIFICATE OF SERVICE BY MAIL

　　The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.
　　That on May 31, 2018 she served a copy of the attached

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Scranton, Pennsylvania.

Addressee:
Ernest D. Glasper
Reg. No. 09452-027
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837　　　　　　　　　　　/s/ Joanne M. Hoffman
　　　　　　　　　　　　　　　　　　　　　Joanne M. Hoffman
　　　　　　　　　　　　　　　　　　　　　Paralegal Specialist