**DJF:JJB:jmh**

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST D. GLASPER,<br>　　　Plaintiff<br><br>　　　　v.<br><br>MURRAY, et al.<br>　　　Defendants | Civil No. 1:18-cv-00068<br><br>(Kane, J.)<br><br><br>Filed Electronically |

### SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Defendants, by and through undersigned counsel, hereby file this supplemental brief in support of their motion to dismiss and for summary judgment pursuant to the Court's May 31, 2018 Order.  (Doc. 19, Order re Paladino.)  The Court should grant summary judgment in favor of all Defendants because Glasper failed to exhaust his administrative remedies.

### I.    Procedural History

On January 10, 2018, Plaintiff filed a Complaint containing claims under both the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  (Doc. 1,

Compl.) On April 20, 2018, Defendants filed a Motion to Dismiss and for Summary Judgment. (Doc. 14, Mot. to Dismiss & for Summ. J.) On April 30, 2018, Defendants filed a brief in support of their motion and a Statement of Material Facts arguing that the Court should dismiss Glasper's FTCA claims pursuant to sovereign immunity, because his claims are time-barred, and grant Defendants summary judgment because his claims fail. (Docs. 15-16.) Additionally, Glasper failed to exhaust his Bivens claims, Defendants did not violate his constitutional rights, and his claim regarding a falsified incident report should be dismissed pursuant to the favorable termination rule. (Id.) On May 17, 2018, Glasper filed his opposition to that motion. (Doc. 18, Br. in Opp'n.) On May 31, 2018, Defendant submitted a reply. (Doc. 20, Reply Br.)

On March 16, 2018, the Third Circuit decided the case of Paladino v. Newsome, 885 F.3d 203 (3d Cir. Mar. 16, 2018) where the Third Circuit found that a district court must provide notice to the parties and an opportunity to supplement the record when the court intends to consider the issue of exhaustion based solely on the record. Pursuant to that decision, this Court entered an Order advising the parties it intended to consider the issue of exhaustion on the record and allowing the parties to supplement that record prior to the Court's consideration. (Doc. 20, Order re Paladino.) Defendants submit the following in support of their exhaustion argument.

2

## II.     Argument

Glasper alleges that he filed a sensitive remedy to the "Northern Regional Office, PREA coordinator" but received no response and additionally received no response to his Central Office filings.  (Doc. 18, Br. in Opp'n at 3.)  The record directly contradicts Glasper's argument.  Specifically, on July 11, 2016, the Central Office rejected Glasper's remedy and forwarded his claims to another department for review.  (Doc. 15-1, p. 25.)   Glasper filed no other remedies concerning his alleged sexual assault, fabricated incident report, or Dr. Edinger's medical assessment at either the institution, Regional Director, or Central Office levels.  (Doc. 15, SMF ¶ 5.)

Under the Prison Litigation Reform Act (PLRA), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  This provision requires an inmate to exhaust administrative remedies prior to filing suit.  See Oriakhi v. United States, 165 F. App'x 991, 993 (3d Cir. 2006).  A court is not permitted to "excuse compliance" with the exhaustion requirement, "whether on the ground of futility, inadequacy or any other basis." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (internal quotation marks omitted).

3

The BOP has established an administrative remedy procedure through which an inmate may submit complaints relating to any aspect of his confinement. Inmates must first present their complaints to staff in an attempt to informally resolve the matter. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may then present the issue to the warden within twenty calendar days of the events giving rise to the complaint. Id. § 542.14. If an inmate is dissatisfied with the warden's response, he may then appeal to the BOP Regional Director within 20 calendar days. Id. § 542.15(a). If the response of the Regional Director is not satisfactory, the inmate may then appeal to the BOP Central Office within 30 calendar days. Id. This constitutes the final level of administrative review. Id.

There are several exceptions to filing an initial remedy at the institution level found in 28 C.F.R. 542.13(d). Inmates challenging disciplinary hearings or making allegations of a sensitive nature may bypass the institution and file with the Regional Director. For instance, if an inmate reasonably believes the issue on which he is filing is sensitive and his safety of well-being would be placed in danger if the request became known, he may submit his remedy directly to the appropriate Regional Director. 28 C.F.R. § 542.14(d)(1). If the Regional Director finds the remedy is not sensitive, it will be rejected with a notice indicating as such and directing the inmate to file at the institution level. Inmates appealing their placement

in a control unit or controlled housing status may file directly to the BOP's Central Office.  28 C.F.R. § 542.14(d)(2),(3).

In this case, Glasper failed to properly exhaust his administrative remedies. Glasper has filed twenty (20) administrative remedies. (Doc. 15, SMF ¶ 1.)  The only remedy Glasper filed concerning an alleged sexual assault was Remedy 868571-A1 and A2 that he sent directly to the BOP's Central Office on June 21, 2016.  (Id. ¶ 2.) His filing was rejected with a note that his complaints were forwarded to another department for review due to the sexual assault allegations contained therein. (Id. ¶ 3.)  His second filing was voided as duplicate.  (Id. ¶ 4.)  Because Glasper failed to comply with the exhaustion requirements prior to initiating suit, the Court should grant summary judgment in Defendants' favor.

### III.   Conclusion

For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss and for Summary Judgment.

Respectfully submitted,

DAVID J. FREED
United States Attorney

/s J. Justin Blewitt, Jr.
J. JUSTIN BLEWITT, JR.
Assistant U.S. Attorney
Attorney I.D. No. PA 01710
Joanne M. Hoffman
Paralegal Specialist
United States Attorney's Office
235 North Washington Avenue
P.O. Bo 309
Scranton, PA 18501-0309
Phone: (570)348-2800
Facsimile: (570)348-2816

Dated: June 14, 2018

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ERNEST D. GLASPER,**
     **Plaintiff**

     v.

**MURRAY, et al.**
     **Defendants**

**Civil No. 1:18-cv-00068**

**(Kane, J.)**

**Filed Electronically**

## CERTIFICATE OF SERVICE BY MAIL

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

    That on June 14, 2018 she served a copy of the attached

### SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND OR SUMMARY JUDGMENT

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Scranton, Pennsylvania.

Addressee:
Ernest D. Glasper
Reg. No. 09452-027
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

                                        /s/ Joanne M. Hoffman
                                        Joanne M. Hoffman
                                        Paralegal Specialist